IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MITCHELL LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-033 |
| | ) | |
| SHAWN EMMONS, Warden; CONSTANCE | ) | |
| PULLINS, Nurse; CERT SGT. HURST; | ) | |
| CERT OFC. SMITH; and CERT OFC. | ) | |
| TIMMONS, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at Calhoun State Prison in Morgan, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Johnson State Prison ("JSP") in Wrightsville, Georgia. Because Plaintiff is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I. SCREENING OF THE COMPLAINT**

    **A. BACKGROUND**

Plaintiff names as Defendants (1) Shawn Emmons, Warden; (2) Constance Pullins, Nurse; (3) CERT Sgt. Hurst; (4) CERT Ofc. Smith; and (5) CERT Ofc. Timmons. (Doc. no. 1, pp. 1, 8.) Taking all of Plaintiff's factual allegations as true, as the Court must for

purposes of the present screening, the facts are as follows.

On April 28, 2016, JSP Physician Assistant Lindsey prescribed nebulizer breathing treatments for Plaintiff starting April 29, 2016. (Id. at 10.) Defendant Pullins refused to provide Plaintiff with his nebulizer treatment on the following dates: April 29, 2016; May 2, 2016; May 3, 2016; May 13-18, 2016; and May 21-22, 2016. (Id.) Defendant Pullins discontinued Plaintiff's breathing treatments on May 23, 2016 without consulting a doctor. (Id.) In addition, Defendant Byrd turned off three exhaust fans on the roof so that no air circulated in Plaintiff's dorm. (Id.) As a result of these Defendants' actions, Plaintiff had severe asthma attacks on June 11, 2016, and June 13, 2016. (Id.)

On June 28, 2016, Defendants Hurst, Timmons, and Smith came to Plaintiff's cell and ordered Plaintiff and his roommate out of the cell. (Id. at 12.) They pat-searched Plaintiff's roommate and sent him to the TV room, but asked Plaintiff to step back into the cell and strip to ensure Plaintiff was not hiding anything in his body cavities. (Id.) Defendants did not find a cell phone in Plaintiff's possession. (Id.)

After the search, Plaintiff walked down the stairs to the TV room. (Id.) Fellow inmate Cedrick Williams asked Plaintiff to kick a Styrofoam cup under his cell, which Plaintiff did. (Id.) Defendants Hurst, Timmons, and Smith immediately removed inmate Williams and his roommate and searched the cell. (Id.) They found a cell phone and charger in the locker box of the cell. (Id.) Defendants Timmons told Plaintiff, "I told you I'd get you," handcuffed Plaintiff, and led him to the shower to be strip searched again. (Id.) After Defendant Timmons read Plaintiff his rights, Plaintiff asked for his inhaler because the shower was hot, humid, and

without ventilation, exacerbating his asthma. (Id. at 13) Defendants Timmons and Hurst told Plaintiff his inhalers had been thrown away. (Id.)

On June 30, 2016, Plaintiff attempted to get an emergency inhaler from Defendants Bryan Jr., Pullins, Rogers, and Claxton, and they told him it had been ordered. (Id.) On July 4, 2016, Plaintiff asked Nurse Choice for an emergency inhaler, and she provided one to him immediately from the medical department supply closet. (Id.)

During the shower encounter with Defendants Hurst, Timmons, and Smith, Plaintiff informed them he needed an extension cord for his C-PAP breathing machines, but they did not provide him with one. (Id.) Plaintiff also spoke to Defendant O'Neal, Counselors Bragg and Pugh, as well as eleven other JSP correctional officers about the extension cord, but to no avail. (Id.) When Plaintiff spoke to Defendant Jamie Clark about the extension cord, he told him that Warden Emmons was aware of the problem and was working on getting him one. (Id.) Eight days after his initial request, Plaintiff was moved to another dorm and given an extension cord for his C-PAP. (Id. at 14.)

### B. LEAVE TO AMEND COMPLAINT

Plaintiff only identifies Shawn Emmons, Constance Pullins, CERT Sgt. Hurst, CERT Ofc. Smith, and CERT Ofc. Timmons as Defendants in his caption and list of parties. However, he refers to Hall, Byrd, Jamie Clark, Bryan Jr., Rogers, O'Neal and Claxton as Defendants throughout his statement of claim, and he refers to these individuals as acting under color of state and federal law. Thus, it is unclear from the complaint who Plaintiff intends to sue. The Court will give Plaintiff an opportunity to amend the complaint and properly identify who he intends to sue. Accordingly, the Court **ORDERS** Plaintiff to amend

the complaint within fourteen days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, with **no more than six handwritten pages attached**. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages). If Plaintiff wishes to pursue this case, Plaintiff **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint.

If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, Plaintiff shall immediately inform this Court of any change of address. Failure to do so will result in

dismissal of this case.

SO ORDERED this 20th day of June, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA