IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MITCHELL LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-033 |
| | ) | |
| SHAWN EMMONS, Warden; CONSTANCE | ) | |
| PULLINS, Nurse; CERT SGT. HURST; | ) | |
| CERT OFC. SMITH; and CERT OFC. | ) | |
| TIMMONS | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Calhoun State Prison in Morgan, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Johnson State Prison ("JSP") in Wrightsville, Georgia. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants (1) Shawn Emmons, Warden; (2) Constance Pullins, Nurse; (3) CERT Sgt. Hurst; (4) CERT Ofc. Smith; and (5) CERT Ofc. Timmons. (Doc. no. 9, pp. 1-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for

purposes of the present screening, the facts are as follows.

On April 28, 2016, JSP Physician Assistant Lindsey prescribed nebulizer breathing treatments for Plaintiff starting April 29, 2016. (Id. at 5.) Defendant Pullins refused to provide Plaintiff with his nebulizer treatment on the following dates: April 29, 2016; May 2, 2016; May 3, 2016; May 13-18, 2016; and May 21-22, 2016. (Id.) Defendant Pullins discontinued Plaintiff's breathing treatments on May 23, 2016. (Id.)

On June 28, 2016, Defendants Hurst, Timmons, and Smith came to Plaintiff's cell and ordered Plaintiff and his roommate out of the cell. (Id. at 6.) They pat-searched Plaintiff's roommate and sent him to the TV room, but asked Plaintiff to step back into the cell and strip to ensure Plaintiff was not hiding anything in his body cavities. (Id.) Defendants did not find a cell phone in Plaintiff's possession. (Id.)

After the search, Plaintiff walked down the stairs to the TV room. (Id.) Fellow inmate Cedrick Williams asked Plaintiff to kick a Styrofoam cup under his cell, which Plaintiff did. (Id.) Defendants Hurst, Timmons, and Smith removed inmate Williams and his roommate and searched the cell. (Id. at 7.) They found a cell phone and charger in the locker box of the cell. (Id.) Defendants Timmons told Plaintiff, "I told you I'd get you," handcuffed Plaintiff, and led him to the shower to be strip searched again. (Id. at 7-8.) After Defendant Timmons read Plaintiff his rights, Plaintiff asked for his inhaler because the shower was hot, exacerbating his asthma and causing him to have difficulty breathing. (Id. at 8.) Defendants Timmons and Hurst told Plaintiff his inhalers had been thrown away. (Id.) Plaintiff then looked to Defendant Smith who put her hands in the air and shrugged. (Id.)

On June 30, 2016, Plaintiff attempted to get an emergency inhaler from Defendant Pullins and witnesses Rogers and Bryan Jr., but they did not provide him with one. (Id. at 9.)

2

On July 4, 2016, Plaintiff asked Nurse Choice for an emergency inhaler, and she provided one to him. (Id.)

During the shower encounter with Defendants Hurst, Timmons, and Smith, Plaintiff informed them he needed an extension cord for his C-PAP breathing machines, but they did not provide him with one. (Id. at 8.) Plaintiff also spoke to various other prison officials, but to no avail. (Id. at 9.) On July 6, 2016, after Ofc. Grissett told Sgt. Hicks that Plaintiff needed an extension cord, Sgt. Hicks moved Plaintiff to another dorm room and gave him an extension cord for his C-PAP. (Id. at 9-10.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is,

3

"[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Relief against Defendant Shawn Emmons

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has failed to state a viable § 1983 claim against Defendant Shawn Emmons because he fails to mention Defendant Emmons in his statement of claim. The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations associating the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008)

("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Plaintiff fails to state a claim against Defendant Emmons, and he should be dismissed from the case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Emmons be **DISMISSED** from this case for failure to state a claim upon which relief can be granted. In a companion Order, the Court has allowed Plaintiff's deliberate indifference to his asthma claims to proceed against Defendants Pullins, Hurst, Smith, and Timmons.

SO REPORTED and RECOMMENDED this 16th day of July, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA