IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MITCHELL LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-033 |
| | ) | |
| CONSTANCE PULLINS, Nurse; CERT | ) | |
| SGT. HURST; CERT OFC. SMITH; and | ) | |
| CERT OFC. TIMMONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Dooly State Prison in Unadilla, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Johnson State Prison ("JSP") in Wrightsville, Georgia. Before the Court are Defendants Pullins, Hurst, and Smith's motions to set aside default, (doc. nos. 28, 32), and Plaintiff's motion for default judgment, (doc. no. 29). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motions be **GRANTED**, Plaintiff's motion and requests for sanctions be **DENIED**, and the **CLERK** be **DIRECTED** to enter default against Defendant Timmons.

**I.    BACKGROUND**

On July 16, 2018, the Court directed the United States Marshals to effect service of process on Defendants. (Doc. no. 11.) In accordance with the Court's Order directing service, the Marshals mailed a copy of the amended complaint and the July 16th Order by

certified mail to Defendants Pullins, Hurst, and Smith on August 17, 2018, and to Defendant Timmons on August 22, 2018, requesting Defendants waive formal service of summons. (Doc. nos. 11-6, 11-7.)

On September 5, 2018, Defendant Hurst waived formal service of summons and was required to answer or otherwise respond to Plaintiff's amended complaint by October 16, 2018. (Doc. no. 17.) The remaining Defendants failed to waive service. Thus, the Court directed the Marshals to personally serve Defendants Smith, Pullins, and Timmons. (Doc. no. 18.) On October 24, 2018, the Marshals executed personal service on Defendants Smith, Pullins, and Timmons. (Doc. no. 25.) Their deadline to respond to Plaintiff's amended complaint was November 14, 2018. To date, no Defendant has answered or otherwise responded to Plaintiff's amended complaint.

## II.     PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for the Court to enter default judgment against Defendants Hurst and Pullins only, arguing (1) all answers in the case were due by November 14, 2018; and (2) default was entered against Defendants by the Clerk of Court. (Doc. no. 29.) Plaintiff simultaneously filed a Declaration for Entry of Default with motion for default judgment. (Doc. no. 30.) Federal Rule of Civil Procedure 55 contemplates two steps to obtaining judgment by default. First, the party seeking default must have the Clerk enter default by submitting an "affidavit or otherwise" showing the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the moving party may seek entry of default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter default judgment upon request when: (1) the claim is for a sum certain, or for a sum that can

2

by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

Despite Plaintiff's argument to the contrary, there was no prior entry of default by the Clerk before Plaintiff filed his motion for default judgment or Declaration for Entry of Default. Even now, the Clerk has not entered a default against any Defendant. Because Defendants have not filed a response within the timeline established by Rule 12(a)(1)(A)(i), Defendants are in default pursuant to Rule 55(a). (See also doc. no. 30.) However, as explained in § III., infra, the Court sets aside default for Defendants Hurst, Pullins, and Smith and **DIRECTS** the **CLERK** to enter default only against Defendant Timmons.

### III. MOTION TO SET ASIDE DEFAULT

On April 23, 2019, Defendants Hurst and Pullins filed a motion to set aside default, including a declaration from both Defendants explaining why they did not timely answer. (Doc. no. 28.) On May 9, 2019, Defendant Smith filed his motion to set aside default. (Doc. no. 32.) The Court may set aside an entry of default for good cause under Fed. R. Civ. P. 55(c). Murphy v. Farmer, 176 F. Supp. 3d 1325, 1340 (N.D. Ga. 2016). This standard considers whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Other factors include the public interest, significance of financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Id.

3

### A. Defendant Hurst

Defendant Hurst provided a declaration stating the following pertinent facts. (Hurst Decl., Doc. no. 28-2.) Defendant Hurst was employed by JSP during the events alleged in the complaint until November 2017 and is currently working in McIntyre, Georgia. (Id. ¶ 2.) He did not receive the wavier of service mailed by the Marshals Service because he was not employed at JSP at the time of mailing. (Id. ¶ 3.) JSP personnel then returned the waiver of service form, prompting the Marshals Service to mail the waiver to Defendant Hurst's address in August 2018. (Id. ¶ 4.) Upon receiving the waiver at his home address, Defendant Hurst declared he did not understand the waiver of service document sent to him, but he signed and returned the forms by September 2018 anyway. (Id. ¶ 5.) Defendant Hurst believed he was returning the proper documents to confirm representation by the State of Georgia, which, as he believed, would result in a defense attorney being assigned to him. (Id.) He now understands he should have filed an answer by October 16, 2018, but he declares he did not intentionally miss or ignore any deadlines or attempt to avoid service. (Id.)

Defendant Hurst further declares he now understands the process for notifying the Georgia Department of Corrections ("GDC") to have an attorney appointed. (Id. ¶ 6.) He spoke with his attorney from the Attorney General's Office for the first time shortly before making his declaration on April 18, 2019. (Id. ¶ 7.) It was not until then did he learn his case was in default for failing to respond to Plaintiff's complaint. (Id.) In support of his motion to set aside default, Defendant Hurst declares he has a meritorious defense and denies Plaintiff's allegations. (Id. ¶ 9.)

Plaintiff argues Defendant Hurst is not entitled to have default set aside because he willfully ignored the deadlines and has not shown good cause to set aside default. (Doc. no. 31.) Plaintiff supports his arguments by stating Defendant Hurst was sued in a previous lawsuit filed by Plaintiff, is a correctional officer familiar with GDC policies and steps to obtain counsel, and had over half a year to respond to Plaintiff's complaint. (Id.) Plaintiff also asks the Court to impose sanctions against Defendant Hurst for bad faith in failing to respond and declaring he did not know how to proceed upon receiving the wavier of service. (Id.) Plaintiff even asks for Defendant Hurst to be prosecuted for perjury. (Doc. no. 33.) Plaintiff states he has been prejudiced by the delay because documents in his possession were lost during a shakedown on January 29, 2019. (Doc. no. 37.) He also states a witness to Defendants' constitutional violations is no longer incarcerated at JSP, and, therefore, Plaintiff cannot obtain that witness's statement. (Doc. no. 39.)

Defendant Hurst's motion to set aside default should be granted for the following reasons. First, there is no indication Defendant Hurst's failure to timely answer was willful. After signing and returning the waiver forms, Defendant Hurst was under the impression he would be assigned an attorney by GDC, who would handle the case. (Hurst Decl., ¶ 5.) Defendant Hurst now understands the forms he signed, and, specifically, he declares his failure to sign the forms was an unintentional error. Additionally, Defendant Hurst promptly created his declaration and filed the present motion to set aside default after meeting with his attorney. Further, although Defendant Hurst was named in a previous lawsuit by Plaintiff, Defendant Hurst' attorney in the previous suit waived service for him rather than Defendant Hurst handling the waiver forms. See Ludy v. Emmons, CV 316-065, doc. no. 45 (S.D. Ga.

5

May 19, 2017). While Plaintiff argues Defendant Hurst is lying about his familiarity with GDC policy and the legal process, there is no evidence Defendant Hurst was any more knowledgeable about the situation than what he represented in his declaration and argued in his motion. Thus, Defendant Hurst's failure to respond was not caused by willfulness, dilatory motive, or bad faith.

Second, Plaintiff will not be prejudiced by Defendant Hurst's late filing and will not suffer financial loss as a result. While Plaintiff argues he lost documents during a shakedown and a witness is no longer at JSP, Plaintiff states the lost documents were from the GDC and obtained as open records. (Doc. no. 37.) Therefore, Plaintiff will have a chance to regain these materials through discovery. Likewise, Plaintiff's concern over an inmate no longer being incarcerated at JSP is unjustified because he may obtain information from the inmate regardless of his location. There is no evidence Plaintiff, or his case, has been prejudiced by the delay. Furthermore, Defendant Hurst claims to have a meritorious defense, and there is a strong policy of determining cases on their merits and a corresponding disfavor of defaults. In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). Because good cause exists for setting aside any default, Defendant Hurst's motion should be **GRANTED** and default be set aside. (Doc. no. 28).

Lastly, Plaintiff requested the Court impose sanctions against Defendant Hurst for falsely testifying in his declaration. (Doc. no. 31, pp. 6-7; doc. no. 37, p. 5.) Sanctions are governed by Federal Rule of Civil Procedure 11(b). To move for sanctions under Rule 11(b), the party seeking sanctions must file a separate motion, specifically describe the conduct violating Rule 11, and give the opposing party notice of the challenged paper to be

6

corrected with twenty-one days of service. See Fed. R. Civ P. Rule 11(c)(2). Here, Plaintiff has not filed a separate motion or properly notified Defendants so they could correct their mistake. Thus, Plaintiff's request for sanction is improper and should be **DENIED**.

### B. Defendant Pullins

Defendant Pullins provided a declaration stating the following pertinent facts. (Pullins First Decl., Doc. no. 28-3.) Defendant Pullins was employed by GDC as a nurse assigned to JSP during the events alleged in Plaintiff's complaint, and she is still employed there. (Id. ¶ 2.) Defendant Pullins remembers receiving the waiver of service forms, but she did not understand them. (Id. ¶ 3.) She initially declared she did not know what to do because she had never been the subject of a lawsuit before, never been sued in a lawsuit while working for GDC, and she was not familiar with the steps needed to be taken by GDC employees to proceed with a lawsuit. (Id.) She clarified this statement after Plaintiff pointed out he previously sued Defendant Pullins in a different lawsuit where she was represented by counsel. (See doc. no. 31, pp. 2-6); Ludy, CV 316-065, doc. no. 43 (S.D. Ga. May 19, 2017). Defendant Pullins promptly made another declaration clarifying she believed the previous lawsuit and this case were the same lawsuit because the allegations against her were the same. (Pullins Second Decl., doc. no. 35-1, ¶¶ 4-5.) She did not know two lawsuits were filed and she was a defendant in each. (Id. ¶ 6.) She declared she has never been a defendant in any other lawsuits besides the ones brought by Plaintiff, and she did not intend to mislead the Court. (Id. at 6-7.)

Defendant Pullins spoke with her attorney from the Attorney General's Office for the first time shortly before making her declaration on April 23, 2019. (Pullins First Decl., ¶ 6.)

It was not until then did she learn she was in default for failing to respond to Plaintiff's complaint. (Id.) In support of her motion to set aside default, Defendant Pullins declares she has a meritorious defense and denies Plaintiff allegations. (Id. ¶ 8.)

Defendant Pullins's motion to set aside default should be granted for the same reasons as Defendant Hurst. There is no indication Defendant Pullins's failure to timely answer was willful. She promptly filed her motion, with her declaration, when she met with her attorney and learned of her mistake. When she learned of the discrepancy in her declaration, she quickly corrected her statement and filed a second declaration clarifying herself. (Pullins Second Decl., ¶¶ 4-5.) Plaintiff argues this discrepancy shows bad faith, (doc. no. 31); however, in light of the prior lawsuit by Plaintiff alleging the same facts against Defendant Pullins, there is no indication she was acting willfully by not answering and was in fact confused as she declares.

Further, as explained with respect to Defendant Hurst, there will be no prejudice or financial loss to Plaintiff. Discovery is still available to Plaintiff, and the records he lost are available in other ways. Because Defendant Pullins declares she has a meritorious defense to Plaintiff's allegations and there is a strong policy of determining cases on their merits with a corresponding disfavor of defaults, In re Worldwide Web Systems, Inc., 328 F.3d at 1295, Defendant Pullins's motion should also be **GRANTED** and default be set aside. (Doc. no. 28). As explained in § III.A., Plaintiff's request for sanctions against Defendant Pullins is improper and should be **DENIED**. (See doc. no. 31, pp. 6-7; doc. no. 37, p. 5.)

### C. Defendant Smith

Defendant Smith provided a declaration stating the following pertinent facts. (Smith

8

Decl., Doc. no. 32-2.)  Defendant Smith was employed with GDC at JSP during the events of this case until February 2018.  (Id. ¶ 2.)  She did not initially receive the waiver of service when it was first mailed to JSP because she was not working there at the time, and she declares she was not aware of a pending lawsuit against her.  (Id. ¶ 3.)  After being personally served with process by the Marshals Service, she believed the documents personally served upon her indicated the present case was completed and there was no further action to take.  (Id. ¶ 4.)  She now understands she was required to answer Plaintiff's complaint by November 14, 2018.  (Id.)  Defendant Smith also now understands the process for obtaining legal counsel through GDC and knows she should have done so after being personally served.  (Id.)

Defendant Smith first spoke with her attorney from the Attorney General's Office shortly before making her declaration on April 18, 2019.  (Id. ¶ 5.)  It was not until then did she learn she was in default for failing to respond to Plaintiff's complaint.  (Id.)  In support of her motion to set aside default, Defendant Smith declares she did not intentionally avoid service or delay responding to this case, has a meritorious defense, and denies Plaintiff allegations.  (Id. ¶ 7.)

Plaintiff makes the same arguments with respect to Defendant Smith as he did with Defendant Hurst and Pullins.  (Doc no. 34.)  Specifically, Plaintiff argues Defendant Smith understood the law because she waived service and was previously sued by Plaintiff while working for GDC.  (Id.)  Plaintiff further states Defendant Smith should have known when to file an answer and how to obtain legal counsel through GDC because she was a defendant in Plaintiff's first lawsuit.  (Id.); see Ludy, CV 316-065, doc. no. 30.  Plaintiff also requests the

9

Court impose sanctions against Defendant Smith for providing false testimony by stating she was not familiar with the service process. (Doc. no. 34, p. 5.) Lastly, Plaintiff states Defendants know how to properly waive service, timely answer Plaintiff's complaint, and obtain counsel through GDC because he previously sued all of them. (Id. at 7.)

Defendant Smith's motion to set aside default should be granted for the same reasons as Defendants Hurst and Pullins. First, there is no indication Defendant Smith's failure to timely answer was willful. Despite Plaintiff's argument and assertions to the contrary, Defendant Smith did not waive service and had to be personally served. (Doc. nos. 21, 25.) Further, as with Defendant Pullins, Defendant Smith's attorney waived service for her, and Defendant Smith did not even sign the certificate of service, which would only indicate the waiver was received, not signed. (See doc. no. 24); Ludy, CV 316-065, doc. no. 30. While Plaintiff argues Defendant Smith is lying about her familiarity with GDC policy and the legal process, there is no evidence Defendant Smith was any more knowledgeable about the situation than what she represented in her declaration and argued in her motion. Defendant Smith specifically declares she was not intentionally delaying her answer, (Smith Decl., ¶ 6), and Plaintiff provides no specific facts to the contrary. Thus, Defendant Smith's failure to respond was not caused by willfulness, dilatory motive, or bad faith.

Further, there will be no prejudice or financial loss to Plaintiff in allowing Defendant Smith to file late. The only arguments Plaintiff makes with respect to prejudice caused by Defendant Smith is delay in the progress of the case. (Doc. no. 34.) However, the delay does not appear to have prejudiced Plaintiff. Therefore, because Defendant Smith declares she has a meritorious defense to Plaintiff's allegations, there is a strong policy of determining cases on

their merits, and a corresponding disfavor of defaults, In re Worldwide Web Systems, Inc., 328 F.3d at 1295, Defendant Smith's motion should also be **GRANTED** and default be set aside. (Doc. no. 32). Plaintiff also requested sanctions against Defendant Smith; however, as explained in § III.A., Plaintiff's request for sanctions is improper and should be **DENIED**. (See doc. no. 34, pp. 5-6.)

IV. **CONCLUSION**

The Court **REPORTS** and **RECOMMENDS** Defendants' motions to set aside default be **GRANTED**, (doc. nos. 28, 32), Plaintiff's motion for default judgment and requests for sanctions be **DENIED**. (Doc. no. 29; doc. no. 31, pp. 6-7; doc. no. 34, pp. 5-6; doc. no. 37, p. 5), and the **CLERK** be **DIRECTED** to enter default against Defendant Timmons. The Court finds it appropriate to stay the deadline for Defendants Hurst, Pullins, and Smith to respond to Plaintiff's complaint until the presiding District Judge takes final action on the R&R. Thus, the Court **ORDERS** Defendants Hurst, Pullins, and Smith to file their responses within seven days of entry of the District Judge's written Order.

SO REPORTED and RECOMMENDED this 23rd day of July, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA