IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MITCHELL LUDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV 318-033 |
| ) | |
| CONSTANCE PULLINS, Nurse; CERT ) | |
| SGT. HURST; CERT OFC. SMITH; and ) | |
| CERT OFC. TIMMONS, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Johnson State Prison ("JSP") in Wrightsville, Georgia. Before the Court is Defendant Timmons's motion to set aside default, (doc. no. 57), and Plaintiff's motion for default judgment, (doc. no. 51). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant Timmons's motion be **GRANTED** and Plaintiff's motion be **DENIED**.

**I.   BACKGROUND**

On July 16, 2018, the Court directed the United States Marshals Service to effect service of process on Defendants. (Doc. no. 11.) In accordance with the Court's Order directing service, the Marshals Service mailed a copy of the amended complaint and the July 16th Order by certified mail to Defendants Pullins, Hurst, and Smith on August 17, 2018, and to Defendant Timmons on August 22, 2018, requesting Defendants waive formal service of summons. (Doc. nos. 11-6, 11-7.)

On September 5, 2018, Defendant Hurst waived formal service of summons and was required to answer or otherwise respond to Plaintiff's amended complaint by October 16, 2018. (Doc. no. 17.) The remaining Defendants failed to waive service. Thus, the Court directed the Marshals Service to personally serve Defendants Smith, Pullins, and Timmons. (Doc. no. 18.) On October 24, 2018, the Marshals Service executed personal service on Defendants Smith, Pullins, and Timmons. (Doc. no. 25.)

On April 23, 2019, and May 9, 2019, Defendants Hurst, Smith, and Pullins filed motions to set aside default, and Plaintiff filed a motion for default judgment on May 6, 2019. (Doc. nos. 28, 29, 32.) On August 22, 2019, United States District Judge Dudley H. Bowen, Jr., granted Defendants Hurst, Smith, and Pullins' motions to set aside default and denied Plaintiff's motion for default judgment, instead only entering default against Defendant Timmons. (Doc. no. 44; see also doc. no. 41.) On September 9, 2019, Plaintiff filed a motion for default judgment against Defendant Timmons, and on October 23, 2019, Defendant Timmons appeared and filed a motion to set aside default. (Doc. nos. 51, 57.)

## II.     DISCUSSION

### A.     Defendant Timmons's Motion to Set Aside Default

The Court may set aside an entry of default for good cause under Federal Rule of Civil Procedure 55(c). Murphy v. Farmer, 176 F. Supp. 3d 1325, 1340 (N.D. Ga. 2016). This standard considers whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion,

88 F.3d 948, 951 (11th Cir. 1996).  Other factors include the public interest, significance of financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.  Id.

Defendant Timmons provided a declaration stating the following pertinent facts. (Timmons Decl., doc. no. 57-2.)  Defendant Timmons was employed by JSP during the events alleged in the amended complaint until October 2017.  (Id. ¶ 2.)  He did not receive the wavier of service mailed by the Marshals Service because he was not employed at JSP at the time of mailing.  (Id. ¶ 3.)  On October 24, 2018, the Marshals Service attempted personal service on him but was only able to reach his roommate.  (Id. at ¶ 4.)  The Marshals Service served the papers on the roommate and told him to tell Defendant Timmons to contact the Marshals Service, which the roommate did.  (Id.)

Defendant Timmons called the Marshals Service the next day.  (Id.)  The only thing Defendant Timmons can recall from the conversation was he told the Marshals Service he received the papers and wanted to be represented by the state.  (Id.)  Defendant Timmons did not believe there was anything else he needed to do because he believed the Georgia Department of Law would begin representing him based on the phone call with the Marshals Service.  (Id.)  He now understands he was only receiving the summons and complaint for the above captioned case.  (Id. at ¶5.)  Defendant Hurst declares he now understands the process for notifying Georgia Department of Corrections ("GDC") legal to have an attorney appointed.  (Id.)  Further, he declares he did not intentionally avoid service, delay responding, or ignore any deadlines in this case.  (Id. at ¶ 8.)

Since learning he was in default for failing to answer, Defendant Timmons has since

3

requested representation by the Georgia Department of Law.  (Id. at ¶¶ 6,7.)  In support of his motion to set aside default, Defendant Timmons declares he has a meritorious defense and denies Plaintiff's allegations.  (Id. ¶ 9.)

Plaintiff argues Defendant Timmons is not entitled to have default set aside because entry of default was proper, default judgment has now been entered against Defendant Timmons, Defendant Timmons willfully ignored the deadlines and lied about his roommate receiving service when he actually did, and Plaintiff is greatly prejudiced by the delay.  (Doc. nos. 58, 60-61.)  Plaintiff supports his arguments by attaching an affidavit merely restating what he argues and stating Defendant Timmons was sued in previous lawsuits, which shows he should have known the process for obtaining counsel.  (Doc. nos. 58, 60-61.)  Plaintiff claims prejudice because he threw away documents relating to Defendant Timmons in response to GDC officials telling Plaintiff paper in his cell was creating a fire hazard.  (Doc. no. 58, 3-4; doc. no. 61.)  Plaintiff states he believed Defendant Timmons was no longer a part of this case, so he decided to throw away the documents relating to him.  (Doc. no. 58, 3-4; doc. no. 61.)  Therefore, Plaintiff argues he lost vital eyewitness affidavits and GDC documents.  (Doc. no. 58, pp. 3-4; doc. no. 61.)

Defendant Timmons's motion to set aside default should be granted for the following reasons.  First, the Court has only entered a default against Defendant Timmons, not default judgment as Plaintiff asserts.  (See doc. no. 44, 56, 58, 60.)  Thus, Defendant need only establish good cause to set aside default.  Second, there is no indication Defendant Timmons's failure to timely answer was willful or he was lying about personal service.  After receiving the service forms from his roommate and calling the Marshals Service,

Defendant Timmons was under the impression he would be assigned an attorney by GDC, who would handle the case. (Timmons Decl., ¶¶ 4, 5.) Although Plaintiff doubts the truthfulness of this story, the return of service form supports Defendant Timmons's declaration, regarding to whom the Marshals Service handed the service form. (Doc. no. 25, p. 3.) Defendant Timmons now understands the correct process for obtaining counsel, and, specifically, he declares his failure to answer was an unintentional error. (Id. at 8.) Additionally, Defendant Timmons promptly signed his declaration and filed the present motion to set aside default after meeting with his attorney. Although Defendant Timmons was named in previous lawsuits and Plaintiff argues he is lying about his familiarity with GDC policy and the legal process, there is no evidence Defendant Timmons was any more knowledgeable about the situation than what he represented in his declaration and argued in his motion. Thus, Defendant Timmons's failure to respond was not willful, caused by dilatory motive, or the result of bad faith.

Third, Plaintiff will not be prejudiced by Defendant Timmons's late filing and will not suffer financial loss as a result. Plaintiff argues he threw away relevant documents because he believed Defendant Timmons was no longer in the case. (Doc. no. 58, pp. 3-4; doc. no. 61.) However, there has never been any order or other docket entry dismissing Defendant Timmons, and Plaintiff's own argument shows he willingly chose to throw away those documents. In any event, Plaintiff will have a chance to regain the documents through discovery once Defendant Timmons answers and by seeking discovery from Defendants Hurst and Smith because Plaintiff's claims as to all three of those Defendants are similar. Thus, there is no evidence Plaintiff, or his case, has been prejudiced by the delay.

Furthermore, Defendant Timmons claims to have a meritorious defense, and there is a strong policy of determining cases on their merits and a corresponding disfavor of defaults. In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). Indeed, he specifically denies the material facts of Plaintiff's amended complaint. (Timmons Decl., ¶ 9.) Because good cause exists for setting aside default, Defendant Timmons's motion should be **GRANTED** and default be set aside. (Doc. no. 57).

### B.   Plaintiff's Motion for Default Judgment Should be Denied

Plaintiff moves for the Court to enter default judgment against Defendant Timmons, arguing he is entitled to a default judgment because of the Court's August 22nd Order entering default against Defendant Timmons. (Doc. no. 51.) Plaintiff also requests $90,000 in compensatory damages and $550,000 in punitive damages from Defendant Timmons, and in support, he provides two affidavits merely stating he is entitled to $90,000 in compensatory damages and $550,000 in punitive damages. (Doc. nos. 51, 52, 56.)

Federal Rule of Civil Procedure 55 contemplates two steps to obtaining judgment by default, with the first being the clerk's entry of default. Fed. R. Civ. P. 55(a). As explained in § II.A., supra, the Court recommends setting aside default against Defendant Timmons for good cause shown. "[E]ntry of judgment by default is a drastic remedy which should be used only in extreme situations . . . . We must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316–17 (11th Cir. 2002) (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985)). Thus, for the reasons set forth in § II.A., supra, and in the interest of hearing a case on its merits, the Court

6

recommends Plaintiff's motion for default judgment be **DENIED**.

## IV.     CONCLUSION

The Court **REPORTS** and **RECOMMENDS** Defendant Timmons's motion to set aside default be **GRANTED**, (doc. no. 57), and Plaintiff's motion for default judgment be **DENIED**, (doc. no. 51).  The Court finds it appropriate to stay the deadline for Defendant Timmons to respond to Plaintiff's amended complaint until the presiding District Judge takes final action on the R&R.  Thus, the Court **ORDERS** Defendant Timmons to file his response within seven days of entry of the District Judge's written Order.

SO REPORTED and RECOMMENDED this 4th day of December, 2019, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA